## In the Matter of the ESTATE OF FRED M. WIGHTMAN, Deceased

No. 2952

October 19, 1931.                    3 P.(2d) 1115.

*Forman & Forman,* for Appellants.

*A. L. Haight,* for Churchill County Bank, Trustee for Fred Wightman, Jr.

*G. J. Kenny,* for Absent Heirs.

## OPINION

By the Court, DUCKER, J.:

This case was before us on an appeal from orders overruling objections to a petition to set apart exempt property for the use of a minor, and granting the petition. The action of the lower court was affirmed on that appeal. Hunter v. Downs (In Re Wightman's Estate), 53 Nev. 132, 295 P. 438.

The case is now before us on an appeal from a decree and judgment allowing final account and distributing estate in the above-entitled matter, and from the order overruling a motion for a new trial made in said court by the executors of the estate of Ida Hunter, deceased. The facts are set out in our former opinion and need not be restated here.

On the former appeal we held that the trial court committed no error in setting apart the exempt property, to wit, the proceeds of the life insurance policies, for the use of the minor heir, Fred Wightman, Jr. On

this appeal the question presented is whether by taking the exempt property he elected to take against the provisions of the will. Appellants contend that he did so elect, and, as a consequence, so much of the minor's share of the estate or shares of all the devisees and legatees proportionally as is necessary should be used to satisfy the bequest of the life insurance policies to Ida Hunter. The rule of law asserted by appellants as applicable to the facts in this case, is that, where a testator in his will either expressly or by plain implication indicates an intention that a surviving spouse or heir must elect to take under the will or what the statute grants, he or she must comply with the testator's desire. We concede that a will may be so framed as to compel such an election. In Re Gray's Estate, 159 Cal. 159, 112 P. 890.

That the will in this case was not so framed is settled by our opinion on the former appeal. No additional facts are presented here, and in our former opinion we held that there was nothing to show any identity between the life insurance policy for $10,000 mentioned in the will and the two policies for $5,000 each, the proceeds of which were set apart by the court for the use of the minor. We are satisfied with our opinion in that respect.

It is now contended that the trial court in its decree of final distribution made a finding that by the life insurance policy of $10,000 mentioned in the will the testator meant the two $5,000 policies, the proceeds of which were set apart by the court. This contention is based upon the following statement of the trial court appearing in the decree of final distribution: "And it further appearing that the life insurance proceeds referred to in the last will and testament of said decedent have been ordered set apart for the support and maintenance of the above-mentioned Fred Wightman, Jr., minor child of said testator, and that neither Mrs. Ida Hunter nor her estate is entitled to any part thereof, and that such moneys have been so disposed of."

Even if this could be considered a finding it would be unsupported by the evidence, for no evidence has been

introduced since our decision on the former appeal. But we regard the statement as a mere recital to show why the proceeds of the life insurance policies were not distributed to the estate of Mrs. Ida Hunter.

The judgment and order are affirmed.